UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VILMA REYES and PATRICIA MARTINEZ,
on behalf of themselves and all other
employees similarly situated,

                    Plaintiffs,

          v.                                    Civil Action No.: 12-cv-11715-DPW

SJ SERVICES, INC., SHAWN SHEA and
DAVID SHEA,

                    Defendants.

**Plaintiff's Cross Motion for Leave to Amend the Complaint and Opposition to Defendants'
Motion to Dismiss the Complaint**

**I.      Introduction**

          The case at bar presents a somewhat tortured procedural history in it very short life.  On

July 19, 2012, the Plaintiffs filed a Complaint in the Suffolk Superior Court.  Following

additional meetings with other similarly situated individuals, an amended complaint was

prepared for filing.  This would have been filed as of right pursuant to Massachusetts Rules of

Civil Procedure 15(a), but it also may have required a private right of action authorization from

the Attorney General – a letter which was issued yesterday, October 4, 2012, and is included

with the amended complaint at Exhibit 1.  The initial time period for filing that amended

complaint and completing service of process would have expired October 17, 2012, pursuant to

M.R.C.P. 4(j).  Defendants, however, having learned of this Complaint on their own prior to

service, filed a Notice of Removal on September 14, 2012, followed by a Motion to Dismiss on

September 21, 2012.

As a result, Plaintiffs must now seek leave from this Court to file their Amended Complaint pursuant to F.R.C.P. 15(a).  In addition, Plaintiffs' proposed Amended Complaint obviates Defendants' Motion to Dismiss and renders it moot.  Accordingly, Plaintiffs respectfully request that this Court grant them leave to file the Amended Complaint, attached hereto as <u>Exhibit 1</u>, and dismiss the Defendants' Motion to Dismiss as moot.

In the alternative, should this Court deny Plaintiffs' Cross Motion for Leave to Amend the Complaint, the Plaintiffs request additional time to respond to the Defendants' Motion to Dismiss.

**II.**     **Standard of Review**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." See Fed. R. Civ. P. 15.  "The standard for amending a complaint to add parties is a liberal one."  *Travelers Property Casualty Company of America v. Noveon, Inc.*, 248 F.R.D. 87, 91 (D. Mass. 2007).

"The First Circuit standard…is that amendments should be allowed except when the proposed amendment would cause undue delay or unfair prejudice to the opposing party." *Id.*

Additionally, the leave sought should be granted unless the amendment would be futile. *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 117 (1st Cir. 2009), citing *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006).  The proposed amendment would be futile if, "as thus amended, the complaint still fails to state a claim."  *Id.*

**III.**     **Discussion**

      **A.**     **Plaintiffs' Cross Motion to Amend Complaint should be allowed, because it would not cause undue delay or unfair prejudice to the Defendants and it would not be futile.**

### i.      No undue delay or unfair prejudice.

In the case at bar, Plaintiffs seek leave to amend their Complaint, as they would have done by right pursuant to Massachusetts law.  There can be no argument that this amendment would cause undue delay or unfair prejudice to the Defendants.

The Plaintiffs filed their Complaint on July 19, 2012.  Following additional meetings with other similarly situated individuals, an amended complaint was prepared for filing, to clarify the claims and add additional individuals, for which Plaintiffs were awaiting an authorization letter from the Attorney General authorizing a private right of action to pursue wage claims.  Lastly, it is further understood that one of the additional Plaintiffs was not a member of the union.

Rather than serve a Complaint which needed to be supplemented and amended, the Plaintiffs determined that the best course of action was to amend their Complaint as of right and then serve the Complaint along with the Amended Complaint.  Defendants, however, obtained a copy of Plaintiffs Complaint and filed a Notice of Removal on September 14, 2012 and a Motion to Dismiss on many of the same grounds on September 21, 2012, before the Plaintiffs were able to file their amendment.

As such, it cannot be argued that the Plaintiffs unduly delayed this amendment, as they are still within the ninety day period under the Massachusetts Rules of Civil Procedure in which they must serve the Complaint.

Additionally, it cannot be argued that the Defendants will be unfairly prejudiced by this amendment.  At this very early stage of litigation, a trial date has not been set and a discovery schedule as not been established.  Furthermore, the Plaintiffs seek to file an amended complaint which clarifies the existing claims, adds plaintiffs who have similar claims, and adds one

individual to bring claims on behalf of non-union members.  As such, both sides will benefit

from an amended complaint which endeavors to make the parties and their claims clearer and

more complete.

### ii.      Not futile.

Finally, the Amended Complaint will not be futile as it makes sufficient factual

allegations which plausibly suggest an entitlement to relief.  In fact, the Amended Complaint will

likely compel this Court to remand the case to Suffolk Superior Court for lack of subject matter

jurisdiction, but that is a matter for further briefing should this Court grants this Cross Motion to

Amend the Complaint.

Briefly, Defendants presumably will argue that §301 of the Labor Management Relations

Act pre-empts the Massachusetts statutory claims of Plaintiffs to be paid for all hours worked

even as set forth in the amended complaint, because Plaintiffs are members of a union.  As an

initial matter, amendment would not be futile in light of the addition of an individual believed

not to be part of any union.

As for the remaining Plaintiffs, Defendants will likely rely upon the First Circuit's

decision in *Cavallaro v. Umass Mem. Health Care, Inc.*, 678 F.3d 1 (1st Cir. 2012).  That

reliance, however, is unavailing as the *Cavallaro* decision was premised in part on the fact that

"some provisions of the CBA governing the named plaintiffs' employment would need to be

interpreted:  for example, whether certain training programs are compensable depends on the

employee having made 'timely' request to attend and compensable meal time depends on

whether a nurse remained in the 'patient care area.'"  See *Cavallaro* at 18.  That is not the case

here.

The United States Supreme Court has been clear that § 301 preemption is a narrow

4

doctrine "that should not be lightly inferred." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S.

399, 412 (1988) (quoting *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 21 (1987)); *Burnside v.*

*Kiewit Pac. Corp.*, 491 F.3d 1053, 1070 (9th Cir. 2007) ("After all, the Supreme Court has

termed section 301 preemption but an 'acorn,' not a 'mighty oak.'") (citing *Livadas v. Bradshaw*,

512 U.S. 107, 122 (1994)).

While "[t]he law in this realm is still evolving and it is not easy to tell in what direction

the Supreme Court may go," see *Cavallaro* at 14, preemption cannot arise when the claim

asserted derives from the substantive provisions of state law, as is the case here.[1]  Nor, can

reference to the CBA alone compel pre-emption.  As the Supreme Court held, "We were clear [in

*Lingle*] that when the meaning of contract terms is not the subject of dispute, the bare fact that a

collective bargaining agreement will be consulted in the court of state-law litigation plainly does

not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994)

(*citing Lingle*, 486 U.S. at 413, n. 12).

While Plaintiffs cannot at this stage predict with certainty Defendants' response to

Plaintiffs' Amended complaint, Plaintiffs remain confident that no such interpretation will be

required here.  Plaintiffs (excluding the additional claims of the putative Non-Union Sub-Class

Members) claim that they were not paid for hours worked.  The principal question here for the

broader group of Plaintiffs remains then the number of hours worked and the hourly wage.  The

number of hours worked is a matter governed directly by Massachusetts statute and regulations,

and no reference to the CBA will be required.  As for the hourly rate paid, there is no dispute on

---

1   "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law," rather "it is the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement, that decides whether a state cause of action may go forward." *Livadas*, 512 U.S. at 123 (internal citations omitted).  Preemption under § 301 of the LMRA "merely ensures that federal law will be the basis for interpreting collective-bargaining agreements, and says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements." *Lingle*, 486 U.S. at 409.

that front.  The court need only look at the pay stubs of individual employees for the information.

Nevertheless, even if this Court finds that some consultation to the CBA could be required, such

minimal reference would not require the claim to be extinguished.  *Livadas*, at 124.

Thus, whether or not the Court ultimately rules in favor of the pre-emption Defendants

likely will seek and which Plaintiffs will then oppose with much more detailed briefing,

Plaintiffs urge the Court to find that permitting amendment here is not futile.

> **B.     Defendants' Motion to Dismiss is rendered moot by Plaintiffs' Amended
> Complaint and as such should be denied without prejudice.**

Courts routinely hold that a Motion to Dismiss an original complaint is moot where the

Court has granted the Plaintiff leave to file an amended complaint.  See *Raad v. Lime Fin. Servs.*,

2012 U.S. Dist. LEXIS 139672, 6-9 (D. Mass. Sept. 28, 2012) ("On November 10, 2011,

Vanderbilt filed a motion to dismiss the amended complaint. On November 22, 2011, Raad filed

his opposition. The Court denied the motion to dismiss the original complaint as moot,

12/14/2011 docket entry, and after a hearing on Vanderbilt's motion to dismiss the amended

complaint, took the matter under advisement.") (internal citations removed); *Abraham v. Am.*

*Home Mortg. Servicing, Inc.*, 2012 U.S. Dist. LEXIS 139059, 1-2 (D. Mass. Sept. 27, 2012)

("Before this court are Defendants' Motion to Dismiss Plaintiff's Verified Complaint and Motion

to Dismiss Plaintiff's First Amended Complaint. Defendants' Motion to Dismiss Plaintiff's

Verified Complaint is DENIED AS MOOT.") (internal citations removed); *Boston Granite*

*Exch., Inc. v. Greater Boston Granite, LLC*, 2012 U.S. Dist. LEXIS 122561 (D. Mass. Aug. 29,

2012) ("At issue here is Defendant's Motion to Dismiss Plaintiff's Amended Complaint, which,

for the reasons stated below, is ALLOWED IN PART and DENIED IN PART. Also at issue is

Defendant's Motion to Dismiss Plaintiff's Complaint, which is DENIED AS MOOT.") (internal

citations removed); *4 MVR, LLC v. Warren W. Hill Constr. Co.*, 2012 U.S. Dist. LEXIS 102204,

9-10 (D. Mass. July 23, 2012) ("Because the amended complaint asserts allegations that establish diversity of citizenship of the parties, such amendment is not futile and 4 MVR's motion for leave to amend the complaint is GRANTED. Defendants' motion to dismiss the original complaint is DENIED as moot in light of the ruling on the motion to amend.")

Accordingly, Plaintiffs respectfully request this Court to rule that the Defendants' Motion to Dismiss is moot, and deny it without prejudice pending Defendants' decision on whether to file a Motion to Dismiss Plaintiffs' Amended Complaint.

In the alternative, should this Court deny Plaintiffs' Cross Motion to Amend Complaint, Plaintiff respectfully requests additional time to respond more fully to Defendants' Motion to Dismiss.

## IV.   Conclusion

For the reasons stated herein, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss without prejudice and grant Plaintiffs' Cross Motion to Amend Complaint.  In the alternative, Plaintiffs request additional time to respond to Defendants' Motion to Dismiss.

Respectfully submitted,

/s/ Philip J. Gordon
Philip J. Gordon (BBO #630989)
Kristen M. Hurley (BBO #658237)
GORDON LAW GROUP, LLP
585 Boylston Street
Boston, MA 02116
617-536-1800
pgordon@gordonllp.com

**Local Rule 7.1 Conference Certification and Certificate of Service**

I hereby certify that I conferred with counsel for the Defendants on October 3, 2012 attempting in good faith to resolve or narrow the issues presented by this motion. I further certify that this document, filed through the ECF system, will be sent electronically to the registered

participants as identified on the Notice of Electronic Filing, on October 5, 2012.

<u>/s/ Philip J. Gordon</u>
Philip J. Gordon