# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Plaintiffs:

VILMA REYES and PATRICIA MARTINEZ
on behalf of themselves and all others similarly
situated

        v.

Defendants:

SJ SERVICES, INC., SHAWN SHEA and
DAVID SHEA

Civil Action No.  1:12-cv-11715-DPW

## FIRST AMENDED COMPLAINT

    1.       SJ Services, Inc. ("SJ Services") is a janitorial cleaning service provider for companies and organizations across the Commonwealth, and employs hundreds of people as cleaners to perform those services.

    2.       Plaintiffs are individuals who have worked as cleaners for SJ Services.

    3.       Unfortunately, SJ Services maintains a practice and policy of not paying its cleaners wages for all hours worked, a practice which violates Massachusetts law.

    4.       Thus, Plaintiffs bring this action on behalf of themselves and all other persons similarly situated to them, and seek an award of their unpaid wages, treble damages, injunctive relief and attorneys' fees and costs arising out of Defendants' violations of the Massachusetts Wage Act.

    5.       This is a class action complaint filed on behalf of certain current and former employees of SJ Services and its officers, Shawn Shea and David Shea.

    6.       One Plaintiff believes he was not a member of any union while employed at SJ Services.  In addition to the other counts of this Complaint, this individual also brings claims for unpaid benefits.  He brings this complaint on behalf of himself and all other similarly situated non-union employees of SJ Services.

7.      Certain cleaners that are part of the class and sub-class defined below belong or have belonged to a union, much as the Plaintiffs vary in whether or not they belong or have belonged to a union.  Whether or not those individuals belonged to a union, however, all of them were denied the hourly pay that is the subject of this suit – and no interpretation of any collective bargaining agreement is necessary to make that determination.  Thus, the substantive rights and protections provided these employees by the Commonwealth of Massachusetts are not pre-empted by Federal Law.

## Parties

8.      Plaintiff Vilma Reyes is a resident of Revere, Massachusetts.  Ms. Reyes has worked for SJ Services from approximately November 1, 2011 until the present.  It is believed that Ms. Reyes was a union member during her employment with SJ Services.

9.      Plaintiff Patricia Martinez is a resident of East Boston, Massachusetts.  Ms. Martinez has worked for SJ Services from approximately November 1, 2011 until the present.  It is believed that Ms. Martinez was a union member during her employment with SJ Services.

10.      Plaintiff Ramon Brea is a resident of Roxbury, Massachusetts.  Mr. Brea has worked for SJ Services from approximately July 1, 2010 through his termination on July 9, 2012, his re-hire shortly thereafter and through the present.  It is believed that Mr. Brea was a union member during certain periods of his employment with SJ Services.

11.      Plaintiff Hector Diaz is a resident of West Roxbury, Massachusetts.  Mr. Diaz has worked for SJ Services intermittently beginning approximately October 14, 2011 through the present.  It is believed that Mr. Diaz was a union member during his employment with SJ Services.

12.      Plaintiff Jose Luis Galdames is a resident of Malden, Massachusetts.  Mr. Galdames has worked for SJ Services from approximately March 2011 through the present.  It is believed that Mr. Galdames was a union member during his employment with SJ Services.

13.      Plaintiff Hugo Laureano is a resident of Lynn, Massachusetts.  Mr. Laureano has worked for SJ Services from approximately November 1, 2011 through the present.  It is believed that Mr. Laureano was a union member during his employment with SJ Services.

14.      Plaintiff Elmer Pineda is a resident of Lynn, Massachusetts.  Mr. Pineda has worked for SJ Services from approximately November 1, 2011 through the present.  It is believed that Mr. Pineda was a union member during his employment with SJ Services.

15.      Plaintiff Borys Perez is a resident of Charlestown, Massachusetts.  Mr. Perez has worked for SJ Services from approximately November 1, 2011 through the present.  It is believed that Mr. Perez was not a member of any union while working at SJ Services.

16.     On information and belief, individuals performing similar functions to Plaintiffs as cleaners, were treated similarly to Ms. Reyes, Ms. Martinez, Mr. Brea, Mr. Diaz, Mr. Galdames, Mr. Laureano, Mr. Pineda and Mr. Perez with respect to the allegations in this Complaint.  Thus, Plaintiffs bring this action on their own behalf and on behalf of:

> "All employees who worked for SJ Services, Inc. as cleaners in Massachusetts, at any time between July 19, 2009 and the date of final judgment."

> (the time between July 19, 2009 and the date of final judgment is hereinafter referred to as the "Class Period"), (all such similarly situated persons are hereinafter referred to collectively as the "Class" or "Class Members").

17.     Plaintiffs Borys Perez brings this action on his own behalf and on behalf of:

> "All employees who worked for SJ Services, Inc. as cleaners in Massachusetts, at any time between July 19, 2009 and the date of final judgment, and were not members of any union at any time during that employment."

> (the time between July 19, 2009 and the date of final judgment is hereinafter referred to as the "Class Period"), (all such similarly situated persons are hereinafter referred to collectively as the "Non-Union Sub-Class" or "Non-Union Sub-Class Members").

18.     Defendant SJ Services, Inc., is a corporation, organized in the Commonwealth of Massachusetts and having its principal place of business at 20 Locust Street, Danvers, Massachusetts.

19.     Defendant Shawn Shea is believed to be a resident of Marblehead, Massachusetts.

20.     Defendant David Shea is believed to be a resident of Salem, Massachusetts.

21.     According to records on file with the Secretary of the Commonwealth, Defendant Shawn Shea served as the President and Treasurer of SJ Services for the years ending 2007, 2008, 2009 and 2011; and served as Treasurer for the years ending 2006 and 2010.

22.     According to records on file with the Secretary of the Commonwealth, Defendant David Shea served as the President of SJ Services for the years ending 2006 and 2010.

23.     Defendant SJ Services is an employer subject to the Massachusetts wage and hour laws.

24.     SJ Services, Shawn Shea and David Shea are referred to collectively herein as Defendants.

25.     Defendants are required to compensate Plaintiffs and the members of the class they purport to represent in accordance with the requirements imposed on it by Massachusetts law.

## Individual Factual Allegations

26.     All Plaintiffs worked as cleaners during their employment with Defendants.

27.     Defendants' business is the operation of a janitorial cleaning service.

28.     Defendants perform services for companies and organizations across the Commonwealth.

29.     All Plaintiffs were to receive hourly pay for their work as cleaners.

30.     Defendants scheduled Plaintiffs' work hours.

31.     Defendants regularly received reports indicating certain hours worked by Plaintiffs.

32.     Defendants suffered or permitted Plaintiffs to perform work off the clock.

33.     Defendants were aware of all of the hours worked by Plaintiffs.

34.     Defendants failed to pay Plaintiffs the full amount of wages to which they were entitled for all of their work time.

35.     Plaintiffs and other persons employed by Defendant complained to Defendant SJ Services about the failure to pay proper wages.  Despite these complaints, Defendants nevertheless repeatedly continued in its failure to pay Plaintiffs all of the wages and benefits due to them under the law.

36.     Defendants have at all relevant times known about the foregoing practices, and Defendants' failure to pay Plaintiffs on a timely basis all wages due, was made with either an evil motive or a reckless disregard for the rights of those employees.

37.     Plaintiffs have satisfied all prerequisites and conditions precedent necessary to seek the remedies sought in this action.

38.     Defendants understood that Massachusetts law imposed a duty on it to compensate Plaintiffs for performing work for Defendants.

39.     Attached as <u>Exhibit A</u> hereto are letters from the office of the Attorney General authorizing Plaintiffs to pursue the claims set forth in this Complaint through a private lawsuit in civil court.

### Individual Factual Allegations Specific to Non-Union Member Borys Perez

40.     In addition to the individual allegations set forth above, Plaintiff Perez asserts that he also was supposed to receive benefits in the form of health insurance.

41.     Defendants failed to provide benefits in the form of health insurance to Plaintiff Perez in connection with his employment.

### Class Action Allegations

42.     Pursuant to M.G.L. c. 149, §150 and Mass. R. Civ. P. 23, Plaintiffs bring this action on behalf of themselves and the Class Members to recover unpaid wages earned by them during the Class Period.

43.     During the Class Period, Defendants paid all of the Class Members in the same manner and under the same standard employment policies, procedures and practices as Plaintiffs.

44.     Defendants have been aware of the hours worked by the Class Members, but have failed to pay the Class Members the full amount of wages to which Plaintiffs are entitled for this work time.

45.     Plaintiffs are currently unaware of the identities of all Class Members.  However, on information and belief, there are over 40 persons who have worked for Defendant as cleaners in Massachusetts during the Class Period and would, therefore, be Class Members.  It is believed that most of these individuals would not likely file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.  For this reason, the Class is so numerous that joinder of all Class Members would be impracticable and a class action would be an efficient mechanism for resolution of the claims of the Class.

46.     There exist numerous common questions of both law and fact, including:  the number of hours worked; whether Defendants were required to pay for all hours worked; whether it was proper for Defendants to refuse to pay for all hours worked; and whether Defendants acted with evil motive or a reckless disregard for the rights of those employees.

47.     There are also numerous questions of law including whether Plaintiffs and Class Members are entitled to compensation under M.G.L. c. 149, or damages under common law.

Any defenses raised by Defendants, including that their conduct did not violate Massachusetts Law, would be common to Plaintiff and all Class Members.

48.     The claims of Plaintiffs are typical of the claims of the Class, because each Class Member was subject to and victimized by the same unlawful policies and practices of Defendants.

49.     Plaintiffs are represented by counsel experienced in class action litigation, and, in particular, in litigating claims under Massachusetts wage and hours laws.  Plaintiffs will fairly and adequately protect the interests of the Class and have no conflicts with the interests of the Class.

50.     The prosecution of separate actions against Defendants would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.  In addition, adjudications with respect to individual members of the Class could as a practical matter be dispositive of the interests of all the other members of the Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

51.     Questions of law or fact common to the members of the Class predominate over any questions affecting only individual Class Members.  A class action is therefore superior to other available methods for the fair and efficient adjudication of the controversy.  Facts not common to the Class are immaterial to resolving the common legal questions whether Defendants' policies violated Massachusetts law.  There will be no difficulty in managing this case as a class action.

52.     The members of the Class are known to Defendants and are readily identifiable through Defendants' records.

## **Non-Union Sub-Class**

53.     Pursuant to M.G.L. c. 149, §150 and Mass. R. Civ. P. 23, Plaintiff Perez brings this action on behalf of himself and the Non-Union Sub-Class Members to recover unpaid wages and benefits earned by them during the Class Period.

54.     During the Class Period, Defendants paid all of the Non-Union Sub-Class Members in the same manner and under the same standard employment policies, procedures and practices as Plaintiff Perez.

55.     Defendants have been aware of the hours worked by the Non-Union Sub-Class Members, but have failed to pay the Non-Union Sub-Class Members the full amount of wages to which they are entitled for this work time.

56.     Plaintiff Perez is currently unaware of the identities of all Non-Union Sub-Class Members.  However, on information and belief, there are over 40 persons who have worked for Defendants as non-union cleaners in Massachusetts during the Non-Union Sub-Class Period and would, therefore, be Non-Union Sub-Class Members.  It is believed that most of these individuals would not likely file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.  For this reason, the Non-Union Sub-Class is so numerous that joinder of all Non-Union Sub-Class Members would be impracticable and a class action would be an efficient mechanism for resolution of the claims of the Non-Union Sub-Class.

57.     There exist numerous common questions of both law and fact, including:  the number of hours worked; whether Defendants were required to pay for all hours worked; whether it was proper for Defendants to refuse to pay for all hours worked; whether it was proper for Defendants to refuse to pay certain benefits; and whether Defendants acted with evil motive or a reckless disregard for the rights of those employees.

58.     There are also numerous questions of law including whether Plaintiff Perez and Non-Union Sub-Class Members are entitled to compensation under M.G.L. c. 149, or damages under common law.  Any defenses raised by Defendants, including that their conduct did not violate Massachusetts Law, would be common to Plaintiff Perez and all Non-Union Sub-Class Members.

59.     The claims of Plaintiff Perez are typical of the claims of the Non-Union Sub-Class, because each Non-Union Sub-Class Member was subject to and victimized by the same unlawful policies and practices of Defendants.

60.     Plaintiffs are represented by counsel experienced in class action litigation, and, in particular, in litigating claims under Massachusetts wage and hours laws.  Plaintiffs will fairly and adequately protect the interests of the Non-Union Sub-Class and have no conflicts with the interests of the Non-Union Sub-Class.

61.     The prosecution of separate actions against Defendants would create a risk of inconsistent or varying adjudications with respect to individual members of the Non-Union Sub-Class which would establish incompatible standards of conduct for Defendants.  In addition, adjudications with respect to individual members of the Non-Union Sub-Class could as a practical matter be dispositive of the interests of all the other members of the Non-Union Sub-Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

62.     Questions of law or fact common to the members of the Non-Union Sub-Class predominate over any questions affecting only individual Non-Union Sub-Class Members.  A class action is therefore superior to other available methods for the fair and efficient adjudication of the controversy.  Facts not common to the Non-Union Sub-Class are immaterial to resolving the common legal questions whether Defendants' policies violated Massachusetts law.  There will be no difficulty in managing this case as a class action.

63.     The members of the Non-Union Sub-Class are known to Defendants and are readily identifiable through Defendants' records.

## Claims for Relief

## Count I
### Massachusetts Wage Act Claim
### (On Behalf of Plaintiffs and the Class)

64.     Defendant SJ Services has been and continues to be an "employer" of Plaintiffs and the Class Members within the meaning of the Massachusetts Wage Act (M.G.L. c. 149).

65.     Plaintiffs and the Class Members were "employees" of Defendant SJ Services within the meaning of Massachusetts Wage Act (M.G.L. c. 149).

66.     Defendants Shawn Shea and David Shea served as President and/or Treasurer at certain times during the Class Period.

67.     Defendants employed Plaintiffs and the Class Members, suffering or permitting them to work within the meaning of Massachusetts Wage Act (M.G.L. c. 149).

68.     Defendants failed to pay wages owed to Plaintiffs and the Class Members on a timely basis for all hours of work which they did for Defendant, in violation of the Massachusetts Wage Act (M.G.L. c. 149).

69.     Defendants' failure to pay wages owed to Plaintiffs and the Class Members as required by the Massachusetts Wage Act (M.G.L. c. 149) constituted outrageous conduct that was undertaken with either an evil motive or reckless disregard by Defendants of the rights of Plaintiffs and the Class Members.

70.     As the result of Defendant's violations of Massachusetts law set forth above, Plaintiffs and the Class Members have incurred damages in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

**Count II**
**Massachusetts Wage Act Claim**
**(On Behalf of Plaintiff Perez and the Non-Union Sub-Class)**

71.     Defendant SJ Services has been and continues to be an "employer" of Plaintiff Perez and the Non-Union Sub-Class Members within the meaning of the Massachusetts Wage Act (M.G.L. c. 149).

72.     Plaintiff Perez and the Non-Union Sub-Class Members were "employees" of Defendant SJ Services within the meaning of Massachusetts Wage Act (M.G.L. c. 149).

73.     Defendants Shawn Shea and David Shea served as President and/or Treasurer at certain times during the Class Period.

74.     Defendants employed Plaintiff Perez and the Non-Union Sub-Class Members, suffering or permitting them to work within the meaning of Massachusetts Wage Act (M.G.L. c. 149).

75.     Defendants failed to pay wages, as well as benefits in the form of health insurance, owed to Plaintiff Perez and the Non-Union Sub-Class Members on a timely basis for the work which they did for Defendant, in violation of the Massachusetts Wage Act (M.G.L. c. 149).

76.     Defendants' failure to pay wages and benefits owed to Plaintiff Perez and the Non-Union Sub-Class Members as required by the Massachusetts Wage Act (M.G.L. c. 149) constituted outrageous conduct that was undertaken with either an evil motive or reckless disregard by Defendants of the rights of Plaintiff Perez and the Non-Union Sub-Class Members.

77.     As the result of Defendant's violations of Massachusetts law set forth above, Plaintiff Perez and the Non-Union Sub-Class Members have incurred damages in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)     Declare this action to be maintainable as a class action pursuant to Mass. R. Civ. P. 23 and/or to be a representative action on behalf of all of those similarly situated pursuant to M.G.L. c. 149, §150, appointing Plaintiffs and their undersigned counsel to represent the Class Members and for Plaintiff Perez to represent the Non-Union Sub-Class;

(B)     Require Defendant to provide an accounting to Plaintiffs of the amount of damages incurred by them and the Class Members, and direct Defendant to provide to Plaintiff a list of all persons employed by them as non-exempt employees during the Class Period, including the last known address and telephone numbers, so that Plaintiff can give such Class Members notice of the pendency of this action and an opportunity to make an informed and timely decision about whether to participate in it;

(C)     Determine the damages sustained by Plaintiffs and the Class Members as the result of Defendant's unlawful non-payment of wages and award those damages, trebled, against Defendant and in favor of Plaintiffs and the Class Members, together with such prejudgment interest as may be allowed by law;

(D)     Determine the damages sustained by Plaintiff Perez and the Non-Union Sub-Class Members as the result of Defendant's unlawful non-payment of wages and benefits and award those damages, trebled, against Defendant and in favor of Plaintiff Perez and the Non-Union Sub-Class Members, together with such prejudgment interest as may be allowed by law;

(E)     Award Plaintiffs and the Class Members their costs and disbursements in this suit, including, without limitation, reasonable attorneys' fees and any reasonable accountants' or experts' fees;

(F)     Enter a permanent injunction ordering Defendant henceforth to refrain from engaging in the unlawful conduct described in this Complaint and to take all necessary measures to ensure that it is at all times in compliance with such injunction; and

(G)     Grant Plaintiffs and the Class Members such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GORDON LAW GROUP, LLP

By: s/Philip J. Gordon

10

Philip J. Gordon (BBO #630989)
Kristen M. Hurley (BBO #658237)
Gordon Law Group, LLP
585 Boylston Street
Boston, MA  02116
Phone:   (617) 536-1800
Fax:       (617) 536-1802
pgordon@gordonllp.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of October, 2012, service of the

foregoing **NOTICE OF APPEARANCE** was made via the ECF filing system, addressed as

follows:

Richard L. Alfred (BBO #015000)
Barry J. Miller (BBO #661596)
Jessica Shauer (BBO #669677)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:      (617) 946-4800
Facsimile:       (617) 946-4801

s/Philip J. Gordon
Philip J. Gordon
Gordon Law Group, LLP
585 Boylston Street
Boston, MA  02116
Phone:  (617) 536-1800
Fax:  (617) 536-1802

11

<u>EXHIBIT A</u>
Private Right of Action Letter from Attorney General



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MARTHA COAKLEY
ATTORNEY GENERAL

(617) 727-2200
www.mass.gov/ago

July 16, 2012

Atty. Philip J. Gordon
Gordon Law Group, LLP
585 Boylston Street
Boston, MA  02116

Re: Private Right of Action – Vilma Reyes, Patricia Martinez

**<u>Authorization for Immediate Private Suit – SJ Services, Inc., Shawn Shea and David Shea</u>**

Dear Atty. Gordon:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

This letter is to inform you that we carefully reviewed the complaint and have determined that the proper resolution of this matter may be through a private suit in civil court.  Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws, chapter 149, sec. 150 and chapter 151, secs. 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws.  If you elect to sue in civil court, you may bring an action on your clients' behalf and others similarly situated, and they may obtain injunctive relief, treble damages for any loss or wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of the complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against the employer *as well as against the president, treasurer of the corporation and any officers or agents having the management of such corporation,* immediately, as permitted by Massachusetts General Laws chapters 149 and 151.  This office will not take further enforcement action at this time.  Thank you for your attention to this matter.

Sincerely,

Bruce Trager
Assistant Attorney General
Fair Labor Division
(617) 727-2200 extension 2336

BT/mm



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

MARTHA COAKLEY
ATTORNEY GENERAL

October 4, 2012

(617) 727-2200
www.mass.gov/ago

Atty. Philip J. Gordon
Gordon Law Group, LLP
585 Boylston Street
Boston, MA 02116

Re: Private Right of Action – Ramon Brea et al

**Authorization for Immediate Private Suit – SJ Services, Inc., Shawn Shea and David Shea**

Dear Atty. Gordon:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

This letter is to inform you that we carefully reviewed the complaint and have determined that the proper resolution of this matter may be through a private suit in civil court. Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws, chapter 149, sec. 150 and chapter 151, secs. 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may bring an action on your clients' behalf and others similarly situated, and they may obtain injunctive relief, treble damages for any loss or wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of the complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against the employer *as well as against the president, treasurer of the corporation and any officers or agents having the management of such corporation,* immediately, as permitted by Massachusetts General Laws chapters 149 and 151. This office will not take further enforcement action at this time.

Thank you for your attention to this matter.

Sincerely,

Bruce Trager
Assistant Attorney General
Fair Labor Division
(617) 727-2200 extension 2336

BT/mm