# EXHIBIT 3

# Miller, Barry

| | |
|---|---|
| **From:** | Miller, Barry |
| **Sent:** | Wednesday, October 03, 2012 11:41 AM |
| **To:** | 'Philip Gordon' |
| **Cc:** | Alfred, Richard; Schauer, Jessica M |
| **Subject:** | RE: Reyes v. SJ Services |

Phil,

While we are always inclined to avoid motion practice where possible, we find your request that Defendants agree to a remand of this action to be misplaced in a number respects. First, your suggestion that it was improper for Defendants to remove the action to federal court prior to your serving a summons in the state court action is unfounded. You cite no legal authority to support your position, and courts that have considered this issue have rejected your theory. *See, e.g.*, *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (service of process is not a prerequisite to removal); *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 448 (11th Cir. 2008) ("[N]othing in the removal statute, or any other legal provision, requires that a defendant be served before filing a notice of removal"); *Middlebrooks v. Godwin Corp.*, 279 F.R.D. 8, 11 (D.DC. 2011) (removal before formal service not improper); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1214-15 (D. Haw. 2010) ("[T]he filing of the notice of removal before Plaintiffs served [the defendant] did not render the removal defective"); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009) ("[A]n unserved defendant in receipt of the complaint may remove prior to service under Section 1446(b)"); *Arthur v. Litton Loan Serv. LP*, 249 F. Supp. 2d 924, 931 (E.D. Tenn. 2002) ("Service of process is not a prerequisite to the defendants exercising their right of removal under 28 U.S.C. § 1446").

In a similar vein, your observations about the operation of the Massachusetts Rules of Civil Procedure are not relevant to the proceedings of the *Reyes* action at this juncture. The Supreme Court has made clear that it is the federal rules that govern an action after it is removed to federal court. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 437 (1974) ("[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings"); *see also Doe v. Fox Broadcasting Co.*, 2010 WL 2106031, at *2 (D. Mass. May 24, 2010) ("Before removal of a case from state to federal court, state rules of civil procedure govern; after removal, the federal rules apply") (citing Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court")). The fact that the Massachusetts Rules of Civil Procedure may have afforded Plaintiffs certain liberties that Plaintiffs did not avail themselves of before the removal of the case has no bearing on the propriety of Defendants' removal or the future course of the litigation.

Your representation about the parties' prior exchanges regarding service of process is also incorrect. While we did make known to you our willingness to accept service of process to spare the expense and unnecessary formality of a process server, we did not convey a willingness to wait until "[plaintiffs] were ready" to commence a defense of the case. Having filed a complaint in a court of law accusing Defendants of statutory violations and alleging that Defendants' actions "constituted outrageous conduct that was undertaken with either an evil motive or reckless disregard" (Compl., ¶ 59), Plaintiffs cannot expect Defendants to sit idle and wait until Plaintiffs are ready to proceed before clearing their names of Plaintiffs' inflammatory allegations.

We also find your request that Defendants agree to a remand of the case to be unfounded in that you identify no amendment to the Complaint that would affect the outcome of the pending Motion to Dismiss. As you are aware, Defendants' motion is premised on the fact that federal labor law completely preempts all of the claims that Plaintiffs have asserted. Recent First Circuit precedent leaves no room for equivocation on that issue. If you disagree with our interpretation of the law, we assume that you will address your view to Judge Woodlock in response to our Motion to Dismiss. Given that you have identified no proposed amendment that would change the application of federal labor law

to Plaintiffs' claims, it appears that any proposed amendment would be futile, and a remand made for the purpose of facilitating such an amendment would be a squandering of resources.

Finally, we believe that any "emergency motion" relating to the subjects raised in your e-mail would be inappropriate. There is no emergency presented by the procedural matters that you note. To the extent that Plaintiffs now find themselves subject to time pressures created by the deadlines in the Federal Rules of Civil Procedure, they are of Plaintiffs' own making. We informed you of our intent to file a motion to dismiss on preemption grounds by e-mail on September 14, 2012, the same day that we removed the case, specifically requesting the courtesy of your response on that subject. You did not respond to that message in any manner until after we had filed Defendants' Motion to Dismiss, when you called me for the first time to discuss this action. Even in that conversation, you did not take the position that Defendants' removal of the action was procedurally defective, noting only that you disagreed with our view regarding the preemptive effect of federal labor law and that you had not anticipated our removal of the case. Having waited almost three weeks to raise the procedural issues noted in your e-mail, we do not think that Plaintiffs can reasonably invoke an "emergency." That said, if your concern is having sufficient time to prepare a response to Defendants' Motion to Dismiss, we are always willing to discuss the extension of reasonable professional courtesies.

Please contact me if you would like to discuss this matter further.

Regards,

Barry J. Miller
Seyfarth Shaw LLP
2 Seaport Lane, Suite 300
Boston, MA 02210
direct dial: (617) 946-4806
direct fax: (617) 790-6753

---

**From:** Philip Gordon [mailto:pgordon@gordonllp.com]
**Sent:** Tuesday, October 02, 2012 8:16 PM
**To:** Miller, Barry
**Subject:** Reyes v. SJ Services

Barry, I write this email to you in the hopes that we can avoid unnecessary motion practice, by your client withdrawing this complaint from Federal Court and remanding it to State Court. The complaint is not properly before the court, because we never served it on you or your client, or even sent it to you. As you and I have discussed, this is important because it was our client's intention to serve an amended complaint on your client. When you called me in August, you told me that you had heard about the complaint and had been engaged by SJ Services (and Shawn and David Shea), and that you would accept service of the complaint when we were ready. MRCP Rule 4(j) permits service of a complaint within 90 days of filing, and MRCP Rule 15 permits amendment of pleading at any time as a matter of right before a responsive pleading is served. But you removed the complaint before it was served. Nevertheless, it remains my clients' right to serve the complaint (and amend it as I had indicated to you), and no action may be taken by your client on that complaint until then. Thus, I will move to remand the complaint to Superior Court, so that it may be amended and served. At that point, you may seek to remove the case, if you so choose and still believe it is subject to removal. In the meantime, I must also move on an emergency basis for a stay of your Motion to Dismiss pending the Court's decision on my Motion to Remand. Of course, we can avoid both such motions if your client agrees to withdraw the complaint and remand the case to Superior Court. Please let me know how you wish to proceed. -Phil

_____
Philip J. Gordon, Esq.

Managing Partner
Gordon Law Group, LLP
585 Boylston Street
Boston, MA 02116

www.gordonllp.com
Ph. 617-536-1800
Fax 617-536-1802

CONFIDENTIALITY: This e-mail message and any attachments are confidential and may be privileged. If you are not the designated recipient, you may not review, copy or distribute this message. If you received this message in error, please notify Gordon Law Group, LLP immediately -- by replying to this message -- and destroy all copies of this message and any attachments. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is **NOT** intended or written to be used, and cannot be used, for the purpose of either: avoiding penalties under the Internal Revenue Code; or promoting, marketing or recommending to another party any transaction or matter addressed herein.