# EXHIBIT 4

~~COMMONWEALTH~~IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

~~SUFFOLK, SS.~~                                                    ~~SUPERIOR COURT~~

Plaintiffs:

VILMA REYES and PATRICIA MARTINEZ on
behalf of themselves and all others similarly
situated~~,~~

~~Plaintiffs,~~

v.

Defendants:

SJ SERVICES, INC., SHAWN SHEA and
DAVID SHEA~~.~~

~~Defendants.~~

~~C. A.~~Civil Action No. ~~_____~~1:12-cv-
11715-DPW

## **FIRST AMENDED COMPLAINT**

1. ~~This is a class action on behalf of certain current and former employees of~~ SJ
Services, Inc. ("SJ Services~~"),~~") is a janitorial cleaning service <u>provider</u> for companies and
organizations across the Commonwealth~~.~~, and employs hundreds of people as cleaners to
perform those services.

2. Plaintiffs are individuals who have worked as cleaners for SJ Services.

3. <u>Unfortunately,</u> SJ Services maintains a <u>practice and</u> policy of not paying ~~regular~~its
cleaners wages ~~and benefits to employees for their work~~for all hours worked, a practice which
violates Massachusetts law. ~~The~~

4. Thus, Plaintiffs bring this action on behalf of themselves and all other persons
similarly situated to them, and seek an award of their unpaid wages, ~~unpaid benefits,
multiple~~treble damages, injunctive relief and attorneys' fees and costs arising out of Defendants'
violations of the Massachusetts Wage Act ~~and common law~~.

~~2.      As set forth below,~~5.   This is a class action complaint filed on behalf of certain
current and former employees of SJ Services and its officers, Shawn Shea and David Shea~~,
failed~~.

6. One Plaintiff believes he was not a member of any union while employed at SJ
Services. In addition to ~~pay Plaintiffs and~~ the other counts of this Complaint, this individual also
brings claims for unpaid benefits. He brings this complaint on behalf of himself and all other

similarly situated non-exempt employees for all the hours those union employees worked and all of SJ Services.

7.      Certain cleaners that are part of the benefitsclass and sub-class defined below belong or have belonged to a union, much as the Plaintiffs vary in whether or not they earnedbelong or have belonged to a union. Whether or not those individuals belonged to a union, however, all of them were denied the hourly pay that is the subject of this suit – and no interpretation of any collective bargaining agreement is necessary to make that determination. Thus, the substantive rights and protections provided these employees by the Commonwealth of Massachusetts are not preempted by Federal Law.

## Parties

38.      Plaintiff Vilma Reyes is a resident of Revere, Massachusetts. Ms. Reyes has worked for SJ Services from approximately November 1, 2011 until the present. It is believed that Ms. Reyes was a union member during her employment with SJ Services.

49.      Plaintiff Patricia Martinez is a resident of East Boston, Massachusetts. Ms. Martinez has worked for SJ Services from approximately November 1, 2011 until the present. It is believed that Ms. Martinez was a union member during her employment with SJ Services.

10.      Plaintiff Ramon Brea is a resident of Roxbury, Massachusetts. Mr. Brea has worked for SJ Services from approximately July 1, 2010 through his termination on July 9, 2012, his re-hire shortly thereafter and through the present. It is believed that Mr. Brea was a union member during certain periods of his employment with SJ Services.

11.      Plaintiff Hector Diaz is a resident of West Roxbury, Massachusetts. Mr. Diaz has worked for SJ Services intermittently beginning approximately October 14, 2011 through the present. It is believed that Mr. Diaz was a union member during his employment with SJ Services.

12.      Plaintiff Jose Luis Galdames is a resident of Malden, Massachusetts. Mr. Galdames has worked for SJ Services from approximately March 2011 through the present. It is believed that Mr. Galdames was a union member during his employment with SJ Services.

13.      5Plaintiff Hugo Laureano is a resident of Lynn, Massachusetts. Mr. Laureano has worked for SJ Services from approximately November 1, 2011 through the present. It is believed that Mr. Laureano was a union member during his employment with SJ Services.

14.      Plaintiff Elmer Pineda is a resident of Lynn, Massachusetts. Mr. Pineda has worked for SJ Services from approximately November 1, 2011 through the present. It is believed that Mr. Pineda was a union member during his employment with SJ Services.

15.      Plaintiff Borys Perez is a resident of Charlestown, Massachusetts. Mr. Perez has worked for SJ Services from approximately November 1, 2011 through the present. It is believed that Mr. Perez was not a member of any union while working at SJ Services.

16.     On information and belief, individuals performing similar functions to Plaintiffs as cleaners, were treated similarly to Ms. Reyes and, Ms. Martinez, Mr. Brea, Mr. Diaz, Mr. Galdames, Mr. Laureano, Mr. Pineda and Mr. Perez with respect to the allegations in this Complaint. Thus, Plaintiffs bring this action on their own behalf and on behalf of:

> "All employees who worked for SJ Services, Inc. as cleaners in Massachusetts, at any time between July ____, 200619, 2009 and the date of final judgment."

> (the time between July ____, 200619, 2009 and the date of final judgment is hereinafter referred to as the "Class Period"), (all such similarly situated persons are hereinafter referred to collectively as the "Class" or "Class Members").

617.    Plaintiffs Borys Perez brings this action on his own behalf and on behalf of:

> "All employees who worked for SJ Services, Inc. as cleaners in Massachusetts, at any time between July 19, 2009 and the date of final judgment, and were not members of any union at any time during that employment."

> (the time between July 19, 2009 and the date of final judgment is hereinafter referred to as the "Class Period"), (all such similarly situated persons are hereinafter referred to collectively as the "Non-Union Sub-Class" or "Non-Union Sub-Class Members").

18.     Defendant SJ Services, Inc., is a corporation, organized in the Commonwealth of Massachusetts and having its principal place of business at 20 Locust Street, Danvers, Massachusetts.

719.    Defendant Shawn Shea is believed to be a resident of Marblehead, Massachusetts.

820.    Defendant David Shea is believed to be a resident of Salem, Massachusetts.

921.    According to records on file with the Secretary of the Commonwealth, Defendant Shawn Shea served as the President and Treasurer of SJ Services for the years ending 2007, 2008, 2009 and 2011; and served as Treasurer for the years ending 2006 and 2010.

1022.   According to records on file with the Secretary of the Commonwealth, Defendant David Shea served as the President of SJ Services for the years ending 2006 and 2010.

1123.   Defendant SJ Services is an employer subject to the Massachusetts wage and hour laws.

12.     Defendant SJ Services is24.   SJ Services, Shawn Shea and David Shea are referred to collectively herein as Defendants.

3

25.     Defendants are required to compensate Plaintiffs and the members of the class they purport to represent in accordance with the requirements imposed on it by Massachusetts law ~~and in accordance with their agreements~~.

## Individual Factual Allegations

~~13.     Plaintiff Vilma Reyes has~~ 26. worked continuously for SJ Services from ~~approximately November 1, 2011 to the present as a cleaner.~~

~~14.     Plaintiff Patricia Martinez has worked continuously for SJ Services from approximately November 1, 2011 to the present as a cleaner.~~

~~15~~All Plaintiffs worked as cleaners during their employment with Defendants.

27.     Defendants' business is the operation of a janitorial cleaning service.

~~16~~28.   Defendants perform services for companies and organizations across the Commonwealth.

~~17.     Plaintiffs are non-exempt employees who have been paid on an hourly basis throughout their employment with Defendants.~~

~~18.     Defendants promised to compensate~~29.     All Plaintiffs ~~for all hours worked and to provide Plaintiffs with certain health benefits.~~

~~19.     Plaintiffs accepted Defendants' promise to compensate Plaintiffs for all hours worked and to provide health benefits.~~

~~20.     Plaintiffs worked with the expectation that they would be paid in full for all hours worked and would be provided health benefits.~~

~~21.     Plaintiffs did not furnish~~ were to receive hourly pay for their work ~~to Defendants gratuitously~~as cleaners.

~~22.     Defendants did not expect Plaintiffs to perform any work for Defendants gratuitously.~~

~~23.     Plaintiffs conferred a measurable benefit on Defendants by performing work for Defendants.~~

~~24.     Defendants understood that Massachusetts law imposed a duty on it to compensate Plaintiffs for performing work for Defendants.~~

~~25.     Defendants understood that the terms of and conditions of Plaintiffs' employment with Defendants would not violate Massachusetts law.~~

~~26.     Defendants understood that Defendant's compensation practices and policies would not violate Massachusetts law.~~

27.~~Plaintiffs and Defendants agreed that Defendant's compensation practices and policies would not violate Massachusetts law.~~

~~28~~30.   Defendants scheduled Plaintiffs' work hours.

~~29~~31.   Defendants regularly received reports indicating certain hours worked by Plaintiffs.

~~30~~32.   Defendants suffered or permitted Plaintiffs to perform work ~~before and after Plaintiffs' scheduled shifts~~off the clock.

~~31.     Defendants did not compensate Plaintiffs for the all of the time Plaintiffs worked.~~

~~32.     Defendants promised to provide Plaintiffs with health insurance in connection with Plaintiffs' employment.~~

~~33.     Plaintiffs accepted Defendants' promise to provide Plaintiffs with health insurance.~~

~~34.     Defendants failed to provide health insurance to Plaintiffs in connection with Plaintiffs' employment.~~

~~35.     In failing to receive their health insurance, Plaintiffs suffered damages.~~

~~36~~33.   Defendants were aware of all of the hours worked by Plaintiffs.

~~37~~34.   Defendants failed to pay Plaintiffs the full amount of wages to which they were entitled for all of their work time.

~~38~~35.   Plaintiffs and other persons employed by Defendant~~as non-exempt employees~~ complained to Defendant SJ Services about the failure to pay proper wages. Despite these complaints, Defendants nevertheless repeatedly continued in its failure to pay Plaintiffs all of the wages and benefits due to them under the law.

~~39~~36.   Defendants have at all relevant times known about the foregoing practices, and Defendants' failure to pay Plaintiffs on a timely basis all wages due, was made with either an evil motive or a reckless disregard for the rights of those employees.

~~40~~37.   Plaintiffs have satisfied all prerequisites and conditions precedent necessary to seek the remedies sought in this action.

~~41~~38.   Defendants understood that Massachusetts law imposed a duty on it to compensate Plaintiffs for performing work for Defendants.

39.   Attached as Exhibit A hereto are letters from the office of the Attorney General authorizing Plaintiffs to pursue the claims set forth in this Complaint through a private lawsuit in civil court.

**Individual Factual Allegations Specific to Non-Union Member Borys Perez**

40.      In addition to the individual allegations set forth above, Plaintiff Perez asserts that he also was supposed to receive benefits in the form of health insurance.

41.      Defendants failed to provide benefits in the form of health insurance to Plaintiff Perez in connection with his employment.

**Class Action Allegations**

42.      Pursuant to M.G.L. c. 149, §150 and Mass. R. Civ. P. 23, Plaintiffs bring this action on behalf of themselves and the Class Members to recover unpaid wages ~~and benefits~~ earned by them during the Class Period.

43.      During the Class Period, Defendants paid all of the Class Members in the same manner and under the same standard employment policies, procedures and practices as Plaintiffs.

44.      Defendants have been aware of the hours worked by the Class Members, but have failed to pay the Class Members the full amount of wages to which Plaintiffs are entitled for this work time.

~~45.      Defendants have been aware that Plaintiffs have been employed with Defendants, but have failed to provide health insurance benefits to Plaintiffs in connection with that employment.~~

~~46.      Plaintiff is~~45.  Plaintiffs are currently unaware of the identities of all Class Members. However, on information and belief, there are over 40 persons who have worked for Defendant as ~~non-exempt employees~~cleaners in Massachusetts during the Class Period and would, therefore, be Class Members. It is believed that most of these individuals would not likely file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims. For this reason, the Class is so numerous that joinder of all Class Members would be impracticable and a class action would be an efficient mechanism for resolution of the claims of the Class.

~~47~~46.  There exist numerous common questions of both law and fact, including: the number of hours worked ~~by the non-exempt employees~~; whether ~~Defendant was~~Defendants were required to pay ~~the non-exempt employees~~for all hours worked; whether it was proper for Defendant~~s~~ to refuse to pay ~~the non-exempt employees~~for all hours worked; ~~whether it is proper for Defendant to fail to provide promised health insurance benefits;~~ and whether Defendant~~s~~ acted with evil motive or a reckless disregard for the rights of ~~non-exempt~~those employees.

~~48~~47.  There are also numerous questions of law including whether Plaintiffs and Class Members are entitled to compensation under M.G.L. c. 149, or damages under common law.

Any defenses raised by Defendant~~s~~, including that their conduct did not violate Massachusetts Law, would be common to Plaintiff and all Class Members.

~~49~~48.   The claims of Plaintiffs are typical of the claims of the Class, because each Class Member was subject to and victimized by the same unlawful policies and practices of Defendants.

~~50~~49.   Plaintiffs are represented by counsel experienced in class action litigation, and, in particular, in litigating claims under Massachusetts wage and hours laws. Plaintiffs will fairly and adequately protect the interests of the Class and have no conflicts with the interests of the Class.

~~51~~50.   The prosecution of separate actions against Defendants would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants. In addition, adjudications with respect to individual members of the Class could as a practical matter be dispositive of the interests of all the other members of the Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

~~52~~51.   Questions of law or fact common to the members of the Class predominate over any questions affecting only individual Class Members. A class action is therefore superior to other available methods for the fair and efficient adjudication of the controversy. Facts not common to the Class are immaterial to resolving the common legal questions whether Defendant's policies violated Massachusetts law. There will be no difficulty in managing this case as a class action.

52.   ~~53.~~ The members of the Class are known to Defendants and are readily identifiable through Defendant's records.

### Non-Union Sub-Class

53.   Pursuant to M.G.L. c. 149, §150 and Mass. R. Civ. P. 23, Plaintiff Perez brings this action on behalf of himself and the Non-Union Sub-Class Members to recover unpaid wages and benefits earned by them during the Class Period.

54.   During the Class Period, Defendants paid all of the Non-Union Sub-Class Members in the same manner and under the same standard employment policies, procedures and practices as Plaintiff Perez.

55.   Defendants have been aware of the hours worked by the Non-Union Sub-Class Members, but have failed to pay the Non-Union Sub-Class Members the full amount of wages to which they are entitled for this work time.

56.   Plaintiff Perez is currently unaware of the identities of all Non-Union Sub-Class Members. However, on information and belief, there are over 40 persons who have worked for Defendants as non-union cleaners in Massachusetts during the Non-Union Sub-Class Period and would, therefore, be Non-Union Sub-Class Members. It is believed that most of these individuals would not likely file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims. For this reason, the Non-Union Sub-Class is so numerous

that joinder of all Non-Union Sub-Class Members would be impracticable and a class action would be an efficient mechanism for resolution of the claims of the Non-Union Sub-Class.

57.     There exist numerous common questions of both law and fact, including: the number of hours worked; whether Defendants were required to pay for all hours worked; whether it was proper for Defendants to refuse to pay for all hours worked; whether it was proper for Defendants to refuse to pay certain benefits; and whether Defendants acted with evil motive or a reckless disregard for the rights of those employees.

58.     There are also numerous questions of law including whether Plaintiff Perez and Non-Union Sub-Class Members are entitled to compensation under M.G.L. c. 149, or damages under common law. Any defenses raised by Defendants, including that their conduct did not violate Massachusetts Law, would be common to Plaintiff Perez and all Non-Union Sub-Class Members.

59.     The claims of Plaintiff Perez are typical of the claims of the Non-Union Sub-Class, because each Non-Union Sub-Class Member was subject to and victimized by the same unlawful policies and practices of Defendants.

60.     Plaintiffs are represented by counsel experienced in class action litigation, and, in particular, in litigating claims under Massachusetts wage and hours laws. Plaintiffs will fairly and adequately protect the interests of the Non-Union Sub-Class and have no conflicts with the interests of the Non-Union Sub-Class.

61.     The prosecution of separate actions against Defendants would create a risk of inconsistent or varying adjudications with respect to individual members of the Non-Union Sub-Class which would establish incompatible standards of conduct for Defendants. In addition, adjudications with respect to individual members of the Non-Union Sub-Class could as a practical matter be dispositive of the interests of all the other members of the Non-Union Sub-Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

62.     Questions of law or fact common to the members of the Non-Union Sub-Class predominate over any questions affecting only individual Non-Union Sub-Class Members. A class action is therefore superior to other available methods for the fair and efficient adjudication of the controversy. Facts not common to the Non-Union Sub-Class are immaterial to resolving the common legal questions whether Defendants' policies violated Massachusetts law. There will be no difficulty in managing this case as a class action.

63.     The members of the Non-Union Sub-Class are known to Defendants and are readily identifiable through Defendants' records.

### Claims for Relief

### Count I
### Massachusetts Wage Act Claim
### (On Behalf of Plaintiffs and the Class)

8

~~54~~64.   Defendant SJ Services has been and continues to be an "employer" of Plaintiffs and the Class Members within the meaning of the Massachusetts Wage Act (M.G.L. c. 149).

~~55~~65.   Plaintiffs and the Class Members were "employees" of Defendant SJ Services within the meaning of Massachusetts Wage Act (M.G.L. c. 149).

~~56~~66.   Defendants Shawn Shea and David Shea served as President and/or Treasurer at certain times during the Class Period.

~~57~~67.   Defendants employed Plaintiffs and the Class Members, suffering or permitting them to work within the meaning of Massachusetts Wage Act (M.G.L. c. 149).

~~58~~68.   Defendants failed to pay wages ~~and benefits~~ owed to Plaintiffs and the Class Members on a timely basis for ~~the~~all hours of work which they did for Defendant, in violation of the Massachusetts Wage Act (M.G.L. c. 149).

~~59~~69.   Defendants' failure to pay wages ~~and benefits~~ owed to Plaintiffs and the Class Members as required by the Massachusetts Wage Act (M.G.L. c. 149) constituted outrageous conduct that was undertaken with either an evil motive or reckless disregard by Defendants of the rights of Plaintiffs and the Class Members.

~~60~~70.   As the result of Defendant's violations of Massachusetts law set forth above, Plaintiffs and the Class Members have incurred damages in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

### Count II
### Massachusetts Wage Act Claim
### (On Behalf of Plaintiff Perez and the Non-Union Sub-Class)

71.   Defendant SJ Services has been ~~unjustly enriched at the expense of Plaintiffs~~and continues to be an "employer" of Plaintiff Perez and the Non-Union Sub-Class ~~by~~

~~receiving~~Members within the ~~benefit of their work without paying the proper compensation.~~

### ~~Count II~~
~~Breach~~meaning of the Massachusetts Wage Act (M.G.L. c. 149).

72.   ~~Contract~~
~~(On Behalf of Plaintiffs~~Plaintiff Perez and the Non-Union Sub-Class~~)~~

 Members were "employees" of ~~61.   ~~Defendant ~~entered into an unambiguous~~SJ Services within the meaning of Massachusetts Wage Act (M.G.L. c. 149).

73.   Defendants Shawn Shea and ~~enforceable contract, whether express~~ David Shea served as President and/or ~~implied, that requires Defendant~~Treasurer at certain times during the Class Period.

74.     Defendants employed Plaintiff Perez and the Non-Union Sub-Class Members, ~~suffering or permitting them~~ to ~~pay Plaintiffs and the Class Members an hourly wage for each hour worked and to provide~~ work within the meaning of Massachusetts Wage Act (M.G.L. c. 149).

75.     Defendants failed to pay wages, as well as benefits in the form of health insurance, owed to Plaintiff Perez~~.~~

~~62.~~     ~~Defendant knowingly received the work of Plaintiffs~~ and the ~~Class Members~~Non-Union Sub-~~.~~

~~63.~~     ~~Plaintiffs and the~~ Class Members ~~performed their obligations to~~ on a timely basis for the work ~~which they did~~ for Defendant ~~and such performance was not gratuitous.~~, in violation of the Massachusetts Wage Act (M.G.L. c. 149).

~~64.     In breach of its contract with Plaintiffs and Class Members, Defendant has failed to pay all wages and benefits promised.~~

~~65.     In breach of its contract with Plaintiffs and Class Members, Defendant has failed to provide valuable benefits to Plaintiffs and Class Members.~~

~~66~~76.   Defendants' failure to pay wages and benefits owed to Plaintiff Perez and the Non-Union Sub-Class Members as required by the Massachusetts Wage Act (M.G.L. c. 149) constituted outrageous conduct that was undertaken with either an evil motive or reckless disregard by Defendants of the rights of Plaintiff Perez and the Non-Union Sub-Class Members.

77.     As the result of Defendant's ~~breach~~violations of ~~their contract~~Massachusetts law set forth above, ~~Plaintiffs and the Class Members have incurred damages in an amount to be determined at trial.~~

<strong>~~Count III~~</strong><br><strong>~~Quantum Meruit/Unjust Enrichment~~</strong><br><strong>~~(On Behalf of Plaintiffs and the Class)~~</strong>

~~67.     Plaintiffs conferred a measurable benefit upon Defendant.~~

~~68.     Plaintiffs provided their work with the reasonable expectation that they would be properly compensated.~~

~~69.     Defendants accepted work services from Plaintiffs for which a reasonable person would have expected to pay.~~

~~70.     As a result, Plaintiffs and the Class Members have incurred damages in an amount to be determined at trial.~~

<strong>~~Count VI~~</strong><br><strong>~~Unjust Enrichment~~</strong><br><strong>~~(On Behalf of Plaintiffs and the Class)~~</strong>

~~71. Grant Plaintiffs and the Class Members such other and further relief as the Court may deem just and proper.~~

<u>Plaintiff Perez and the Non-Union Sub-</u>~~72. As a result, Plaintiffs and the~~ Class Members have incurred damages in an amount to be determined at trial<u>, along with liquidated damages, attorneys' fees and costs of litigation</u>.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)     Declare this action to be maintainable as a class action pursuant to Mass. R. Civ. P. 23 and/or to be a representative action on behalf of all of those similarly situated pursuant to M.G.L. c. 149, §150, appointing Plaintiffs and their undersigned counsel to represent the Class Members <u>and for Plaintiff Perez to represent the Non-Union Sub-Class</u>;

(B)     Require Defendant to provide an accounting to Plaintiffs of the amount of damages incurred by them and the Class Members, and direct Defendant to provide to Plaintiff a list of all persons employed by them as non-exempt employees during the Class Period, including the last known address and telephone numbers, so that Plaintiff can give such Class Members notice of the pendency of this action and an opportunity to make an informed and timely decision about whether to participate in it;

(C)     Determine the damages sustained by Plaintiffs and the Class Members as the result of Defendant's unlawful non-payment of wages and award those damages, trebled, against Defendant and in favor of Plaintiffs and the Class Members, together with such prejudgment interest as may be allowed by law;

(D)     Determine the damages sustained by ~~Plaintiffs~~<u>Plaintiff Perez</u> and the <u>Non-Union Sub-</u>Class Members as the result of Defendant's unlawful ~~conduct, other than such damages covered by the Wage Act,~~<u>non-payment of wages and benefits</u> and award those damages<u>, trebled,</u> against Defendant and in favor of ~~Plaintiffs~~<u>Plaintiff Perez</u> and the <u>Non-Union Sub-</u>Class Members, together with such prejudgment interest as may be allowed by law;

(E)     Award Plaintiffs and the Class Members their costs and disbursements in this suit, including, without limitation, reasonable attorneys' fees and any reasonable accountants' or experts' fees;

(F)     Enter a permanent injunction ordering Defendant henceforth to refrain from engaging in the unlawful conduct described in this Complaint and to take all necessary measures to ensure that it is at all times in compliance with such injunction; and

~~By the attorneys for~~<u>(G)</u>     <u>Grant</u> Plaintiffs and the Class Members~~,~~<u> such other and further relief as the Court may deem just and proper.</u>

11

Respectfully submitted,

GORDON LAW GROUP, LLP

By:     s/Philip J. Gordon
Philip J. Gordon (BBO #630989)
Kristen M. Hurley (BBO #658237)
~~GORDON LAW GROUP~~
        Gordon Law Group, LLP
        585 Boylston Street
        Boston, MA 02116
        Phone:  (617) 536-1800
        Fax:  (617) 536-1802
        pgordon@gordonllp.com
~~Boston, Massachusetts 02116~~
~~(617) 536-1800~~
~~Dated: July 18, 2012~~
Attorneys for Plaintiffs