UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VILMA REYES, PATRICIA MARTINEZ, RAMON BREA and BORYS PEREZ, on behalf of themselves and all other employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>S.J. SERVICES, INC., SHAWN SHEA and DAVID SHEA,<br><br>Defendants. | Civil Action No.: 12-cv-11715-DPW |

## **PLAINTIFFS' MOTION TO STRIKE OFFERS OF JUDGMENT**

Plaintiffs move this court to strike Defendants' improper Rule 68 Offers of Judgment – not attached to this motion at Defendants' insistence for the reasons set forth in the footnote below. In short, it is Plaintiffs' position that such Offers of Judgment may not be used here to pick off the named plaintiffs in this putative class action under the Wage Act, with the underlying force of Rule 68's cost shifting mechanism, where Plaintiffs have not yet had an opportunity to present the class certification issue to this Court under Rule 23.[1]

---

[1] It is Defendants' counsel's position, as expressed in a Rule 7 conference with Plaintiffs' counsel regarding this Motion, that Offers pursuant to Rule 68 may not be submitted to the Court unless the Offer is accepted, even for purposes of a Motion to Strike. Defendants support their position by noting that Rule 68(b) states, "Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs." Defendants then argue that the term "admissible" is more than a rule prohibiting use of the Offer as an evidentiary inference of liability, but rather that the term "admissible" means that the Offer itself may not be admitted in any record of the Court, even under seal. While Plaintiffs dispute Defendants' position, noting that Offers made pursuant to Rule 68 have been filed with motions to strike such an offer (*see, e.g., Hornicek v. Cardworks Servicing, LLC*, 2:10-cv-03631-LP, Ex. A to Dk. #22 (E.D.P.A. 2011)), Plaintiffs will not submit these particular Offers, dated August 30, 2013, to this Court without further order.

The Plaintiffs, Vilma Reyes, Patricia Martinez, Ramon Brea and Borys Perez ("Plaintiffs"), have brought this action seeking to enforce certain provisions of the Massachusetts Wage Act. G.L. c. 149 (the "Wage Act"), and other provisions of Massachusetts law, on behalf of themselves and all other similarly situated persons employed as cleaners in Massachusetts by S.J. Services, Inc., Shawn Shea and David Shea ("Defendants") at any time between July 19, 2009 and the date of final judgment (such similarly situated persons are hereinafter referred to collectively as the "Class" or "Class Members").

In particular, Plaintiffs contend generally that Defendants violated the Wage Act by failing to pay regular wages to those putative Class Members for all hours worked, including hours that were worked off the clock.

Defendants have now tendered Rule 68 Offers of Judgment (the "Offers") to each of the putative class representatives, with no offer of relief to any other similarly situated employees. By their Offers, Defendants effectively "buy off" the putative class representatives by leveraging the cost shifting threats of Rule 68 to force acceptance. But giving effect to such Offers and their explicit cost shifts at this stage of the litigation, prior to an opportunity for Plaintiffs to file a motion for class certification, runs contrary to the weight of authority examining the use of Rule 68 in the context of class actions and impermissibly blunts the language, purpose and intent of the Wage Act.

This type of action is simply inappropriate at this stage of the litigation, and the Offers should be stricken.

**Brief Procedural History**

This case was filed with the Suffolk Superior Court on July 19, 2012. On September 14, 2013, Defendants removed the case to this Court. Following motions to dismiss and opportunities to amend the complaint, this Court held a hearing on March 27, 2013 on Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. This Court took the matter under advisement and instructed the parties to engage in a brief 90-day discovery period followed by the filing by Plaintiffs of a Motion for Summary Judgment on the issues raised in Defendants' Motion to Dismiss the Amended Complaint.

On Friday, August 30, 2013, the eve of Plaintiffs' September 3, 2013 deadline to file a Motion for Summary Judgment, the Defendants served the Offers to each of the four Plaintiffs. Because these Offers were received after the close of business on the Friday before Labor Day weekend, the Plaintiffs had no other option but to proceed with filing their Motion for Summary Judgment on Tuesday, September 3, 2013. Plaintiffs have since reviewed the Offers and now move to strike them as improper.

**Argument**

**A.      Rule 68 Offers of Judgment may not be used before a class certification motion has been filed – especially in a case under the Wage Act – to defeat Plaintiffs' right at least to seek class certification or relief for the class.**

In effect, a ruling by this Court declining to strike the Offers at this stage of the Court proceedings would permit Defendants to circumvent the Wage Act and the requirements of law. It would undercut the viability of the Wage Act's language explicitly permitting an employee to bring his case on behalf of "himself and others similarly situated," and run contrary to the weight of authority examining the use of Rule 68 in the context of motions to defeat class actions prior to the putative representative's

efforts to seek class certification. *See, e.g., Johnson v. U.S. Bank National Association*, 276 F.R.D. 330, 336 (D. Minn. 2011) (striking Rule 68 offer of judgment prior to class certification because "as a matter of sound policy in the administration of class claims…it is a 'terrible idea' to rush a representative into making a class-certification motion just to beat the threat of a Rule 68 preemptive strike"); *Hornicek v. Cardworks Servicing, LLC*, 2011 U.S. Dist. LEXIS 42091 (E.D.P.A. 2011) (striking Rule 68 offer of judgment prior to filing a motion for class certification); *Weiss v. Regal Collections*, 385 F.3d 337, 349 (3rd Cir. 2004) (finding that Defendant's tender offer ineffective prior to deciding class certification question); *Ziegenfuse v. Apex Asset Mgt*, 239 F.R.D. 400, 403 (E.D.P.A. 2006) (striking Rule 68 offer of judgment because prior to class certification motion); *Morgan v. Account Collection Tech.*, 2006 U.S. Dist LEXIS 64528 (S.D.N.Y. 2006) (finding Defendant's Rule 68 offer ineffective against a putative class); *Bond v. Fleet Bank*, 2002 U.S. Dist. LEXIS 4131, *21 (D.R.I. 2002) (denying defendant's motion to dismiss for mootness as Rule 68 offer of judgment untimely tendered to putative class representative); *see also*, 1 *Newberg on Class Actions*, §15.36, "Inapplicability of Rule 68 Offer of Judgment in Class Action Context."

  As stated by the U.S. Supreme Court, "[r]equiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class action; moreover, it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement." *Deposit Guar. Nat. Bank v. Roper*, 445 U.S. 326, 339 (1980) (holding ineffective defendant's attempted Rule "pick-off" of named plaintiffs). *Roper* reinforced the

4

principal that a Rule 68 offer may not defeat the rights of either the plaintiff or the absent class to litigate the class certification issue under Rule 23, and cannot therefore moot the class's claims. *See Roper* at 339. Then Associate Justice Rhenquist went on to add in a concurring opinion, "[t]he distinguishing feature here is that defendant has made an *unaccepted* offer of tender in settlement of the individual putative representative's claim." *Roper*, at 341. Here, too, Plaintiffs have not accepted Defendants' Offers of tender in settlement, and consider them insufficient.[2]

A federal district court in Massachusetts similarly recognized that, without the availability of a class action to challenge a wage law violation, an employer has no "incentive . . . to avoid the type of conduct that might lead to class action litigation in the

---

[2] Recently, the U.S. Supreme Court addressed Rule 68 in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct.1523, 185 L. Ed. 2d 636 (2013), giving some effect to an unaccepted Rule 68 Offer in an opt-in case under the FLSA. Yet, the *Genesis* Court "drew a critical distinction between FLSA collective actions, certified for the purpose of giving notice to potential opt-in members, and class actions commenced pursuant to Rule 23 of the Federal Rules of Civil Procedure. While noting that Rule 23 classes acquire independent legal status after certification, the Court afforded no such status to FLSA collective actions." *Velasquez v. Digital Page, Inc.*, 2013 U.S. Dist. LEXIS 95371, 4-8 (E.D.N.Y. July 8, 2013), citing *Genesis*, 133 S. Ct. at 1530. Thus, the *Genesis* decision is of no import here, as this matter is brought under Rule 23, and not as an opt-in collective.

Further, the *Genesis* plaintiff failed to contest that the offer to her provided complete relief, a matter which Plaintiffs here are prepared to do should this Court find that the terms of Offers must be reviewed and considered further as a matter of law prior to their being stricken. In such case, Plaintiffs will contest the Offers and further distinguish this case from the decision in *Genesis*, much as was done in *Velasquez v. Digital Page, Inc.*, 2013 U.S. Dist. LEXIS 95371, 4-8 (E.D.N.Y. July 8, 2013). The *Velasquez* Court found that "[h]ere, unlike in *Genesis*, the record fails to indicate conclusively that the individual claims of each Plaintiff …have been made moot because of Defendants' Rule 68 offers. The Plaintiffs have not only rejected the offers, but each has also disputed their sufficiency. These distinguishing facts render the decision in Genesis non-dispositive." *Id.*, at 4-8.

Of further note, *Velasquez* went on to comment that the Court in *Genesis* "was not deciding the broader issue of whether a rejected Rule 68 offer would always render a plaintiff's individual claim moot also renders that case non-dispositive." *Id*. In *Genesis*, the Court stated, "[a]s specifically stated by the Supreme Court '[w]hile the Courts of Appeals disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot, we do not reach this question, or resolve the split, because the issue is not properly before us.'" *Id.* citing *Genesis* at 1528. "Instead, as noted above, the Supreme Court, relying on the district court's finding, noted that it would 'assume without deciding' that the Defendant's Rule 68 offer mooted Plaintiff's individual claim." *Id.* citing *Genesis* at 1529; s*ee also, Chen v. Allstate Ins. Co*., 2013 U.S. Dist. LEXIS 81409, 2013 WL 2558012 *6 (N.D. Cal. June 10, 2013) (noting that in *Genesis*, the "plaintiff herself had conceded mootness").

5

first instance," and "that absent a mechanism for class actions there would be a substantial risk that FLSA violations would not be redressed." *Skirchak, et al. v. Dynamics Research Corp.*, 432 F. Supp. 2d 175, 181 (D. Mass. 2006), *aff'd* 508 F.3d 49 (1st Cir. 2007).[3]

Of further particular force here, the Massachusetts Wage Act was "'intended and designed to protect wage earners from the long-term detention of wages by unscrupulous employers as well as protect society from irresponsible employees who receive and spend lump sum wages.'" *See Lipsitt v. Plaud*, 466 Mass. 240, 245, 247 (2013), quoting *Melia v. Zenhire, Inc.*, 462 Mass. 164, 170 (2012) (also noting that "[i]t is inferable that the Legislature contemporaneously created the private right of action as a means further to ensure rigorous enforcement of the Wage Act, … ."). In achieving this end, the Wage Act specifically authorizes suits to recover for the plaintiff's "own behalf, or for himself and others similarly situated."[4]

As noted by the Supreme Judicial Court in *Machado v. System4 LLC*, 465 Mass. 508, 514-515 (2013), "[w]e do not dispute the very legitimate policy rationales underlying the Legislature's decision to provide for class proceedings under the Wage

---

[3] Rule 23 caselaw proves instructive here, especially F.R.C.P. Rule 23. *See Van Christo Advertising, Inc. v. M/A-COM/LCS*, 426 Mass. 410, 414 (1998) (holding that "[i]n construing our rules, we follow the construction given to the Federal Rules 'absent compelling reasons to the contrary or significant differences in content.'").

[4] In support of this position, on an analogous matter, this Court in *Hermida v. Archstone*, 2013 U.S. Dist. LEXIS 84368 (D. Mass., June 14, 2013), dealt with the concept of attempting to "pick off" named plaintiffs in putative class actions in the context of a M.G.L. c. 93A demand letter. In this decision, Judge Young stated, "Massachusetts law disfavors the use of a settlement offer to 'pick off' named plaintiffs in Chapter 93A class actions where the offer is insufficient to 'cure the injury alleged in [a Chapter] 93A demand letter' made on behalf of a putative class." *Id*. at *23.

In his opinion, Judge Young relied on a decision of the Massachusetts Superior Court, *Meaney v. Onebeacon Ins. Group*, No. 07-1294-BLS2, 2007 WL 5112809 (Mass. Super., June 12, 2007), in which Judge Gants stated, "[The Defendant] may not avoid a class action simply by paying the amount due to the named plaintiff…[the Defendant] cannot evade resolution of this legal question, involving small amounts of money for each individual insured but larger amounts of money for the putative class of all insureds, simply by paying interest to the named plaintiff, since the plaintiff seeks to act on behalf of the class of insureds similarly situated."

Act." These "policy rationales," the *Machado* Court found, "include the deterrent effect of class action lawsuits and, unique to the employment context, the desire to allow one or more courageous employees the ability to bring claims on behalf of other employees who are too intimidated by the threat of retaliation and termination to exercise their rights under the Wage Act." *Machado*, at n.12, citing *Salvas v. Wal-Mart Stores, Inc.*, 452 Mass. 337 (2008).

Significantly, courts have repeatedly stressed the importance of "foster[ing] a climate in which compliance with [the FLSA's] substantive provisions . . . would be enhanced" and have expressed concern that "fear of economic retaliation might often operate to induce aggrieved employees quietly to accept substandard conditions." *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960) (quoted in *Valerio v. Putnam Associates, Inc.*, 173 F.3d 35, 43 (1st Cir. 1999)); *see also, Brock v. Casey Truck Sales, Inc.*, 839 F.2d 872, 879 (2d Cir. 1988) (expressing concern over "retaliatory conduct" having a "chilling effect on employees' assertion of rights").

As wage claims challenging an employer's policies typically will affect groups of employees and not just individuals, the statute therefore specifically enables aggrieved employees to retain counsel to serve essentially as a private attorney general to prosecute the case for an entire group. And, because each employee's individual damages may not be substantial, bringing claims on behalf of a group helps ensure effective enforcement. But Rule 68 offers as used here, undermine that entire mechanism by ensuring, rather, that the cost shifting hammer of Rule 68 make individual settlement offers virtually undeniable by any single putative class representative prior to class certification.

Yet, consistent with the rulings of the Supreme Judicial Court set forth above, the class action mechanism must remain available in cases under the Wage Act, as class-wide relief is often the only way to ensure that a wage violation is fully remedied. Thus, this Court must strike the unaccepted Rule 68 Offers, and render them ineffective.

**B.     A Motion to Strike is the appropriate procedural mechanism for resolving this issue.**

Despite the fact that an offer of judgment generally is not filed with the Court until accepted or until offered by a defeated party to prove costs, striking the Rule 68 offer is the appropriate procedural mechanism for resolving a premature Rule 68 offer.

"Whether an offer of judgment can be stricken, or simply declared ineffective, is the sort of technicality that elevates form over substance." *Boles v. Moss Codilis, LLP*, 2011 U.S. Dist. LEXIS 104466, 9-12 (W.D. Tex. Sept. 15, 2011), citing *Lamberson v. Fin. Crimes Servs., LLC*, 2011 U.S. Dist. LEXIS 56614, at *10-11 (D. Minn April 13, 2011). "Striking the Rule 68 offer is the most efficient and effective way to acknowledge that the offer is invalid." *Id*. "It also is the result most consistent with this Court's duty to protect the putative class members and 'manage the class action in a manner consistent with the purposes of Rule 23.'" *Id.*, citing *Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330, 2011 U.S. Dist. LEXIS 73449, at *17-18 (D. Minn. June 29, 2011); *see also, Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (noting that courts have implied powers that "are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'").

As such, Plaintiffs request that this Court declare that the Defendants' Offers are invalid and stricken.

**Conclusion**

For these reasons, Plaintiffs request that this Court strike the Offers of Judgment submitted to the Plaintiffs.

Respectfully submitted,

/s/ Philip J. Gordon
Philip J. Gordon (BBO #630989)
Kristen M. Hurley (BBO #658237)
GORDON LAW GROUP, LLP
585 Boylston Street
Boston, MA 02116
617-536-1800
pgordon@gordonllp.com

**Local Rule 7.1 Conference Certification and Certificate of Service**

I hereby certify that I conferred with counsel for the Defendants on September 12, 2013 attempting in good faith to resolve or narrow the issues presented by this motion. I further certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, on September 13, 2013.

/s/ Philip J. Gordon
Philip J. Gordon
